UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HERBERT LOUIS CARTER, JR.,

        Plaintiff,

    v.

JAMES A. MOORE, and
DANIEL ROGAN,

        Defendants.

Civil No. 08cv04930 DSD/JJK

**REPORT AND
RECOMMENDATION**

Plaintiff, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, commenced this action by filing a self-styled pleading entitled "Complaint For Violation of Civil Rights Under 42 USCA § 1985(3)." (Docket No. 1.)  The matter has been assigned to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]  For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be summarily dismissed pursuant

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff previously filed an action in this District, claiming that his federal constitutional rights were violated by two City of Minneapolis police officers, and by a Hennepin County district attorney.  (Carter v. Taylor et al., Civil No. 07-4021 (DSD/JJK), [hereafter "Carter I"].)   In that case, the police officers were represented by Assistant Minneapolis City Attorney James A. Moore, and the district attorney was represented by Senior Assistant Hennepin County Attorney Daniel Rogan.  Plaintiff is now attempting to sue Moore and Rogan.

In Carter I, the City of Minneapolis Defendants, (represented by Attorney Moore), and the Hennepin County Defendant, (represented by Attorney Rogan), filed separate motions asking the Court to dismiss Plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.  Attorneys Moore and Rogan filed separate memoranda in support of their respective clients' motions to dismiss.  Plaintiff now alleges that the memorandum filed by Attorney Moore in Carter I included a sentence that mischaracterized Plaintiff's allegations against Moore's clients.  Plaintiff also now alleges that the memorandum filed by Attorney Rogan in Carter I included a sentence that mischaracterized Plaintiff's allegations against Rogan's client.

Plaintiff is attempting to sue Defendants Moore and Rogan under 42

U.S.C. § 1985(3), claiming that they violated his constitutional rights by making "fraudulent" statements in the memoranda that they filed in <u>Carter I</u>.  He is seeking an award of "punitive and declaratory damages from each Defendant individually in their own capacity in the amount of $193,100.00."

## II.  DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, the action must be dismissed.  28 U.S.C. § 1915A(b)(1).

In order to state an actionable claim under 42 U.S.C. § 1985(3), as Plaintiff is attempting to do here, a claimant must plead, (and ultimately prove), the following elements:

> "(1) the existence of a civil conspiracy; (2) that the purpose of the conspiracy was to deprive [him] either directly or indirectly of [his] civil rights; (3) that a conspirator did an act in furtherance of the object of the conspiracy; and (4) damages, shown by demonstrating either injury to person or property or the deprivation of a civil right."

3

Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999).

The claimant must also show that "the conspiracy is fueled by some 'class-based, invidiously discriminatory animus.'"  Andrews v. Fowler, 98 F.3d 1069, 1079 (8th Cir. 1996), quoting Bray v. Alexander Women's Health Clinic, 506 U.S. 263, 268 (1993).

In this case, Plaintiff's complaint fails to satisfy at least three of the requirements of a § 1985(3) cause of action.  First, the complaint does not allege any facts showing any type of conspiracy between the two Defendants, or between either of the Defendants and anyone else.  To the contrary, it clearly appears that each of the named Defendants acted individually in the preparation and submission of his own memorandum in Carter I.[2]

Second, there are no allegations showing that Plaintiff has suffered any identifiable injury as a result of the alleged misstatements in the memoranda filed by Defendants in Carter I.  If there were any misstatements of fact in Defendants' memoranda, Plaintiff had an ample opportunity to correct the record by filing his own memoranda and/or affidavits in Carter I, (and, in fact, the Clerk's records show that Plaintiff has filed numerous documents in that case).  Furthermore, Plaintiff has not shown that Defendants' alleged misstatements had any bearing

---

[2]  Because Plaintiff has not identified any conspiracy, he obviously has also failed to allege that there was a conspiracy to deprive him of his civil rights.

on the outcome of <u>Carter I</u>.  Indeed, that case is still pending before the District Court Judge for review of a Report and Recommendation filed by a Magistrate Judge.  Because no final judgment has been entered (as yet) in <u>Carter I</u>, Plaintiff cannot possibly show that he has been "injured" as a result of Defendants' alleged misstatements in that case.[3]

Finally, there are no allegations in Plaintiff''s complaint which suggest that Defendants' alleged misstatements are attributable to any "class-based, invidiously discriminatory animus."  For this additional reason, the complaint does not satisfy the pleading requirements for a § 1983(5) claim.

In sum, Plaintiff's current complaint plainly fails to state a cause of action under § 1985(3).  If Plaintiff believes that Attorneys Moore and Rogan made erroneous statements in the memoranda they filed in <u>Carter I</u>, he should call that matter to the attention of the presiding Judge in that case, (if he has not already done so).  Plaintiff cannot sue Defendants under § 1985(3) (or otherwise), simply because they allegedly made erroneous statements in a brief.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has not

---

[3]  The Court does not mean to suggest that Plaintiff will be able to satisfy the § 1985(3) injury requirement if a judgment is hereafter entered against him in <u>Carter I</u>.  He would still have to show that any "injury" resulting from that judgment was <u>caused</u> by the Defendants' alleged misstatements, and there is no reason to believe that Plaintiff could ever sustain that burden.

pleaded any actionable claim for relief against either of the named Defendants. The Court will therefore recommend that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that his application for leave to proceed IFP, (see n. 1, supra), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[4]  To date, he has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

---

[4]  Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IT IS RECOMMENDED** that:

1.   Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.   This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.   Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: September 22, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 6, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.